IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL A. BACA,

    Plaintiff,

 v.                                                               No. CIV 10-0408 LH/DJS

STATE OF NEW MEXICO,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,
DR. SHANNON,
CORRECTIONAL MEDICAL SERVICES,
CITY OF ALBUQUERQUE,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's "Notice Of Tort Claim," which the Court construes as a civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated at the Bernalillo County Metropolitan Detention Center. His two-page complaint asserts that a number of his constitutional rights have been violated but contains no supporting factual allegations. Attached to the complaint is a photocopy of an e-mail message from an Albuquerque attorney, apparently sent to employees of Bernalillo County. The e-mail message alleges that "MDC/CMS gave [Plaintiff] medication to treat his pain. . . , and that he later learned . . . that the medication has permanently damaged his liver." The message also alleges that Plaintiff "has been denied access to the law library." The Court construes these statements as incorporated in the complaint, thus constituting Plaintiff's own allegations. *See Northington*, 973 F.2d at 1520-21. The complaint seeks $10,000,000.00 in damages.

No relief is available under 42 U.S.C. § 1983 on Plaintiff's allegation of denial of adequate medical treatment. Plaintiff alleges that "MDC/CMS" prescribed a pain medication that damaged his liver. This allegation fails to support a claim under the Eighth Amendment that Defendants have been deliberately indifferent to Plaintiff's serious medical needs. Rather, Plaintiff's allegations at most support a claim of medical malpractice, which "does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *and see Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). This claim will be dismissed with prejudice. *Cf. Styskal v. Weld County Board of County Commissioners*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal with prejudice precludes adjudication of state law claims in state court).

Secondly, Plaintiff's allegations of denial of access to a law library do not support a claim

for relief under § 1983. This assertion of an "abstract, free-standing right to a law library," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), does not "establish relevant actual injury," *id*. Plaintiff does not allege that officials have actively interfered with his attempts to prepare and file legal documents. *See id*. at 350; *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' ") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). As these cases make clear, the Constitution does not ensure the access sought by Plaintiff, *see Lewis*, 518 U.S. at 351; *Bounds*, 430 U.S. at 828 n.17, and the Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's "Notice Of Tort Claim," construed herein as a civil rights complaint, is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE